Filed 5/5/25  Marriage of P.G. and S.S. CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of P.G. and S.S. | H050797<br>(Santa Clara County<br>Super. Ct. No. 19FL003925) |
| P.G.,<br><br>        Appellant,<br><br>    v.<br><br>S.S.,<br><br>        Respondent. | |

### PUBLIC—REDACTED VERSION OF OPINION[*]

Appellant P.G. (Father) appeals from the trial court's orders (1) denying his request for a domestic violence restraining order pursuant to the Domestic Violence Prevention Act (DVPA, Fam. Code, § 6200, et seq.) against respondent S.S. (Mother), and his request for sole physical and legal custody of their minor child, A.R.; and (2) granting Mother's request for sole physical and legal custody of A.R. with no contact

---

[*] This case involves material from a sealed record.  In accordance with the California Rules of Court, rules 8.46(g)(1) and (2), we have prepared both public (redacted) and sealed (unredacted) versions of this opinion.  We order the unredacted version of this opinion sealed.

allowed between Father and A.R.[1]  Father contends the trial court erred by finding Mother credible despite contrary evidence, failing to make certain orders, discounting his expert witness, considering improper testimony from Mother's expert, and allowing the child's therapist to testify without granting Father access to the therapist's records. Mother has not appeared in this appeal.[2]  For the reasons stated below, we will affirm the trial court's order denying Father's request for a domestic violence restraining order, and will reverse and remand the trial court's custody and visitation order.

**[The trial court sealed the underlying proceedings at issue on this appeal. Although blanket sealing orders are disfavored (*In re Marriage of Nicholas* (2010) 186 Cal.App.4th 1566, 1575), given the circumstances of this case which involve serious allegations regarding a minor child, we will not disturb the order. Accordingly, except for the disposition, the remainder of this public version of this opinion has been redacted.]**

### III.    DISPOSITION

This Court's order entered on February 10, 2025 to stay all proceedings related to any final custody and visitation determinations in this case is vacated.

The December 16, 2022 order denying Father's request for domestic violence restraining orders and related relief is affirmed.

The December 16, 2022 order granting Mother's request for temporary sole legal and sole physical custody with no contact between Father and A.R. pending further order

---

[1]Because this case involves proceedings under the DVPA, we refer to the parties by their initials to protect the privacy interests of protected persons.  (Cal. Rules of Court, rule 8.90(b)(1), (11).)  Unless otherwise specified, all statutory references herein are to the Family Code and all undesignated references to rules of court are to the California Rules of Court.

[2] Father claims in his brief that, after the filing of his appeal, Mother took A.R. to India and has since refused to return to California.  We do not consider facts or events outside the record on appeal.  (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 544, fn. 4.; *Barri v. Workers' Comp. Appeals Bd*. (2018) 28 Cal.App.5th 428, 437.)

of the court, is reversed, and the matter is remanded for the trial court to issue custody and visitation orders consistent with A.R.'s best interests.

_____
Greenwood, P. J.

WE CONCUR:

_____
Grover, J.

_____
Danner, J.

H050797 P.G. v. S.S.